IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LENNY BALDWIN, JR.,** | |
| Plaintiff, | Case No. 7:16CV00421 |
| v. | **OPINION** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** | By: James P. Jones<br>United States District Judge |
| Defendants. | |

*Lenny Baldwin, Jr., Pro Se Plaintiff.*

Plaintiff Lenny Baldwin, Jr., a pretrial detainee proceeding pro se, has filed a civil action against the United States Department of Homeland Security ("DHS"), alleging false arrest, false imprisonment, defamation, and constitutional deficiencies related to his pending federal criminal proceedings. Although this civil action was initially docketed under 42 U.S.C. § 1983, it is more properly considered as an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C.

§ 1331.[1]  After review of the Complaint, I conclude that the lawsuit must be summarily dismissed.

Court records reflect that a grand jury of this court issued an Indictment in Criminal Action No. 6:15CR00007 charging Baldwin with production of child pornography and extortion.  A judge of this court issued an arrest warrant for Baldwin, agents took him into custody in southern Florida, and he is currently incarcerated in the Lynchburg Adult Detention Center, awaiting disposition of the charges.  Baldwin now seeks his discharge from custody and dismissal of the charges, and monetary damages for harms caused by his being criminally accused and incarcerated.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  A "frivolous" claim is one that "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

---

[1] A *Bivens* claim against a federal official is analogous to a claim under 42 U.S.C. § 1983 against a state official, and accordingly, case law involving § 1983 claims is applicable in *Bivens* cases and vice versa.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 839-45 (1994) (discussing decisions on Eighth Amendment claims under § 1983 in analysis of *Bivens* claims).

As stated, an individual may bring a civil suit against a federal officer for damages stemming from a constitutional violation. *Bivens*, 403 U.S. at 392. Under the well established legal doctrine of sovereign immunity, however, neither the United States nor its agencies can be sued under *Bivens* for constitutional violations. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Baldwin does not identify any individual federal official as a defendant to this lawsuit. Accordingly I will summarily dismiss the action under § 1915A(b)(1) as legally frivolous.[2]

A separate Final Order will be entered herewith.

DATED: October 19, 2016

/s/ James P. Jones
United States District Judge

---

[2] In any event, Baldwin's allegations do not state any claim actionable under *Bivens* against anyone at this time. First, he cannot use a civil rights action to achieve release from custody or dismissal of the federal criminal charges. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (prisoner "cannot use a § 1983 action to challenge the fact or duration of his confinement") (internal quotation marks and citations omitted). Second, a prisoner's civil rights claims for monetary damages arising from his charges and/or conviction are "barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82. Third, defamation alone generally does not implicate any constitutionally protected right and as such, is not actionable under *Bivens*. *See, e.g., Paul v. Davis*, 424 U.S. 693 (1976) (finding defamation insufficient to state § 1983 claim absent showing that it caused injury to constitutionally protected right).

-3-

Case 7:16-cv-00421-JPJ-RSB   Document 13   Filed 10/19/16   Page 3 of 3   Pageid#: 55